1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   UNITED STATES OF AMERICA,

11        Plaintiff,                          Case No. 2:05-CR-00154-KJD-LRL

12   vs.                                       **ORDER**

13   CARL EDWARDS,

14        Defendant.

15

16        Presently before the Court is Defendant's Motion to Dismiss for Violation of Right to Speedy

17   Trial (#70).  The Government filed a response in opposition (#72).

18   I.  Background

19        Defendant was indicted on May 11, 2005 with one count of Felon in Possession of Firearm, a

20   violation of Title 18, United States Code, Section 922(g)(1).  Defendant made his initial appearance

21   May 20, 2005 and plead not guilty.  He was ordered detained pending trial which was set for July 11,

22   2005.  On June 30, 2005, this Court granted a joint request to continue the trial date and continued

23   the trial until October 31, 2005.  Another joint request was granted on October 24, 2005, continuing

24   the trial date until February 27, 2006.  On November 7, 2005, the United States filed a Motion for

25   Pre-trial Psychiatric Evaluation to Determine Defendant's Competency to Stand Trial (#25).

26   Defendant's counsel filed his notice of non-opposition (#26) to the motion on December 12, 2005.

1    The Magistrate Judge entered an order on January 13, 2006, granting the motion for

2    psychiatric evaluation.  On February 26, 2006, the Court granted a third joint request for continuance,

3    continuing the trial date until June 5, 2006.  A fourth joint request was granted on May 30, 2006,

4    continuing the trial date until August 28, 2006.  The Federal Public Defender's Office withdrew as

5    counsel for Defendant on August 17, 2006, and present counsel was appointed to represent

6    Defendant.  A competency hearing was then set for September 6, 2006.  Another joint request for

7    continuance was then filed August 18, 2006, setting trial for October 24, 2006.

8    On September 6, 2006, the Magistrate Judge entered an order finding that Defendant was

9    competent to stand trial.  At calendar call on October 24, 2006, Defendant requested a continuance of

10   the trial date.  The motion was granted and trial was set for December 18, 2006.  On November 17,

11   2006, Defendant moved to dismiss the case based on violation of speedy trial rights.  On December

12   12, 2006, Defendant withdrew the motion to dismiss and requested another continuance of the trial

13   date.  The motion was granted and trial was set for February 27, 2007.

14   On January 29, 2007, Defendant filed the present motion to dismiss.  Essentially, Defendant

15   alleges that his statutory and constitutional right to a speedy trial had been violated when the United

16   States took four months to conduct Defendant's psychological evaluation.  Defendant makes general

17   allegations of prejudice due to the time between his arrest, indictment and trial date.

18   II.  Analysis

19   The Speedy Trial Act (the "Act"), 18 U.S.C. § 3161(c)(1), requires the trial of a defendant

20   charged in an indictment within seventy (70) days from the filing date of the indictment.  The Act

21   also allows periods of time to be excluded from calculation in the seventy day limit.  See 18 U.S.C. §

22   3161(h).  In this case, only forty (40) days have elapsed that were not excluded under the Act.  All

23   continuances requested by Defendant or jointly stipulated to by both parties were expressly excluded

24   under 18 U.S.C. § 3161(h)(8).

25   Furthermore, the time from which the motion to determine competency was filed on

26   November 7, 2005, until the day the motion was resolved when Magistrate Judge Lawrence R.

1    Leavitt found Defendant competent to stand trial on September 6, 2006 is all excluded under the Act.

2    18 U.S.C. § 3161(h)(1)(F); United States v. Daychild, 357 F.3d 1082, 1093-94 (9th Cir. 2004).

3    Moreover, the period of delay resulting from the need for the mental competency evaluation is also

4    excluded.  See 18 U.S.C. § 3161(h)(1)(A).  To the extent Defendant is arguing that the delay in

5    completing the evaluation exceeded the forty-five (45) day maximum that a defendant may be held

6    for a psychiatric evaluation as mandated by 18 U.S.C. § 4247(b), that argument is foreclosed by

7    United States v. Miranda, 986 F.2d 1283 (9th Cir. 1993)(holding that 18 U.S.C. § 4247 has no

8    bearing on speedy trial calculations).

9        Additionally, Defendant's argument that the Act was violated because he was not indicted

10   until seventy-five (75) days after his arrest by the Las Vegas Metropolitan Police Department is

11   flawed because the Ninth Circuit Court of Appeals has held that the date of a defendant's state arrest

12   does not initiate the federal prosecution for the purposes of the Act.  See United States v. Soto, 1

13   F.3d 920, 923 (9th Cir. 1993).  Defendant's federal prosecution for purposes of the Act began on

14   May 19, 2005, when he was arrested on the Federal warrant.

15       Finally, Defendant's argument that his Sixth Amendment right to a speedy trial has been

16   violated has no legitimate basis.  First, a general presumption exists that if the Act has not been

17   violated, then there is no Sixth Amendment violation.  See United States v. Baker, 63 F.3d 1478,

18   1497 (9th Cir. 1995).  Additionally, considering the four Constitutional speedy trial factors,

19   Defendant has not shown a violation.  The four factors are: 1) length of the delay; 2) reason for the

20   delay; 3) defendant's assertion of his right; and 4) prejudice from the delay.  See Barker v. Wingo,

21   407 U.S. 514, 530 (1972).  Here, the reason for the delay, determination of Defendant's competency

22   to stand trial, coupled with the lack of prejudice shown by Defendant demonstrate that Defendant has

23   not suffered a constitutional violation.  Defendant has argued that he has been prejudiced by an

24   inability to locate witnesses so many months after the alleged crime.  However, Defendant has not

25   produced any actual evidence of witnesses that could not be located.  Furthermore, even though

26   Defendant has, on occasion, asserted his speedy trial rights, on two occasions he requested

1  continuances at calendar call when the trial had been set for the following week.  Therefore, the

2  Court must deny Defendant's motion to dismiss.

3  III.  Conclusion

4        Accordingly, IT IS HEREBY ORDERED that is Defendant's Motion to Dismiss for

5  Violation of Right to Speedy Trial (#70) is **DENIED.**

6        DATED this 20th day of February 2007.

7

8

9

10       Kent J. Dawson
         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26